UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. C-10-98 |
| | § | |
| DANIEL AKIRA MONCLOVA | § | |

### ORDER DENYING MOTION FOR COPIES TRANSCRIPTS AND GRANTING REQUEST FOR DOCKET SHEET

Pending before the Court is Defendant Daniel Monclova's letter motion requesting copies of court transcripts (D.E. 31), which was received by the Clerk on August 12, 2011.

During the proceedings below, Monclova was originally represented by appointed counsel, but later by retained counsel. D.E. 4, 7. There is no evidence in the record establishing Monclova's indigence. But even an indigent defendant does not have a right to documents at government expense unless the transcripts are necessary to decide a pending action and the pending action is not frivolous. See 28 U.S.C. § 753(f) (in order to be entitled to transcripts, an indigent defendant must establish that the transcripts are needed to decide an issue in a pending suit and that the suit is not frivolous); see also United States v. Herrera, 474 F.2d 1049, 1049-50 (5th Cir. 1973) ("This Court has consistently held that a federal prisoner is not entitled to obtain copies of court records at the government's expense to search for possible defects merely because he is indigent.").

Judgment of conviction was entered July 26, 2010. D.E. 28. Monclova did not appeal and there is currently nothing pending before this Court other than his letter request for documents. Monclova states that he needs transcripts for unspecified "legal purposes." If it is Monclova's intent to file a motion to vacate pursuant to 28 U.S.C. § 2255, the statute provides that the limitations period shall run from the latest of:

>  (1) the date on which the judgment of conviction becomes final;
>  (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
>  (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. In Monclova's case, the judgment of conviction became final on August 9, 2010.[1]

Because Monclova does not have a pending action before the Court, his motion (D.E. 31) for transcripts is DENIED in part, but GRANTED in part as to a copy of the docket sheet. The Clerk is INSTRUCTED to mail a copy of the docket sheet to Monclova along with instructions on how to purchase copies of documents or order transcripts should he wish to do so.

SIGNED and ORDERED this 24th day of August, 2011.

_____
Janis Graham Jack
Senior United States District Judge

---

[1] The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. Clay v. United States, 537 U.S. 522 (2003); United States v. Gamble, 208 F.3d 536, 536-37 (5th Cir. 2000) (per curiam). To timely appeal, a defendant must file a notice of appeal from a criminal judgment not later than fourteen days after entry of judgment. Fed. R. App. P. 4(b)(1)(A).